UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GENERAL STAR INDEMNITY )
COMPANY, )
         Plaintiff, )
 )
v. ) No. 8:25-cv-2097
 )
SCOTT W. ANDERSON, DAVID )
JOHNSON, ANNIE GLISSON, )
JOHNSON DABOLL ANDERSON, )
PLLC n/k/a JOHNSON LITIGATION )
GROUP, PLLC, KURT TEGTMEIER )
and GWENDOLYN TEGTMEIER, )
 )
         Defendants. )

**COMPLAINT - DECLARATORY RELIEF REQUESTED**

General Star Indemnity Company ("General Star") hereby complains of Scott W. Anderson ("Anderson"), David Johnson ("Johnson"), Annie Glisson ("Glisson"), Johnson Daboll Anderson, PLLC n/k/a Johnson Litigation Group ("Johnson Litigation Group"), and Kurt Tegtmeier and Gwendolyn Tegtmeier (the "Tegtmeiers") as follows:

**Introduction**

1. This is a declaratory-judgment action arising out of an underlying lawsuit filed by the Tegtmeiers against Johnson Litigation Group (a law firm) and its agents or employees Anderson, Johnson, and Glisson, based on their alleged

mishandling of a prior lawsuit the Tegtmeiers filed against the sellers of their home, David and Jeanette Kerns.

2. In this action, General Star seeks a judgment declaring that it has no duty to defend Anderson, Johnson, Glisson, or Johnson Litigation Group against the underlying lawsuit, or indemnify them for any liability that they may incur, under a professional liability insurance policy General Star issued to Johnson Litigation Group. As alleged in greater detail below, the policy does not cover the underlying lawsuit because, prior to the policy's inception, an insured had knowledge of a fact or circumstance that could reasonably be expected to give rise to a claim. Therefore, the policy's insuring agreement has not been satisfied.

## Jurisdiction

3. General Star is a corporation that is incorporated under Delaware law and has its principal place of business in Connecticut.

4. Johnson Litigation Group is a corporation that is a professional limited liability company organized under Florida law. On information and belief, all members of Johnson Litigation Group are Florida citizens or, at least, citizens of states other than Delaware or Connecticut.

5. Anderson is an individual domiciled in Florida.

6. Johnson is an individual domiciled in Florida.

7. Glisson is an individual domiciled in Florida.

8. The Tegtmeiers are individuals domiciled in Florida.

9. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. The Court has original jurisdiction over this action under 28 U.S.C. § 1332.

## The Policy

11. General Star issued Lawyers Professional Liability Insurance Policy No. IJA402647 to Johnson Litigation Group for the policy period from September 15, 2023, to September 15, 2024.

12. Subject to terms and conditions, the policy's insuring agreement states as follows:

> The Company shall pay on behalf of the **Insured** all sums in excess of the Deductible which the **Insured** becomes legally obligated to pay as **Damages** for **Claims** first made against the **Insured** during the **Policy Period** and first reported to the Company in writing as soon as practicable during the **Policy Period** or within the applicable Extended Reporting Period; provided always that such **Wrongful Act** takes place:
>
> 1. During the **Policy Period**; or
>
> 2. Prior to the **Policy Period** provided that:
>
>     a. Such **Wrongful Act** and any **Related Wrongful Act** took place on or after the **Retroactive Date**; and
>
>     b. At the Inception Date of this Policy no **Insured** had knowledge of any fact, circumstance, situation, or

**Wrongful Act** that may reasonably be expected to give rise to a **Claim** against an **Insured**.

13. The policy defines **Claim** to mean "a written demand for monetary damages, including the service of Suit or institution of arbitration proceedings, by reason of a **Wrongful Act**." The definition of **Claim** further provides that a **Claim** is deemed first made at the time written notice of the **Claim** is first received by any **Insured**.

14. The policy defines **Wrongful Act** to mean "any actual or alleged act, error, omission, or **Personal Injury** arising out of **Professional Services** rendered by an **Insured** for others."

15. The policy defines **Professional Services** to mean "services arising out of the conduct of the **Insured's** profession as a lawyer."

16. **Insureds** include any past or present partners, officers, directors, stockholders, members, managing members or employees of Johnson Litigation Group, including Johnson, Anderson, and Glisson.

## The Underlying Lawsuit

17. On October 16, 2024, Alan Wagner of Wagner, McLaughlin & Whittemore, acting on behalf of the Tegtmeiers, submitted a settlement demand to General Star, seeking the full policy limits in connection with a legal malpractice claim against Anderson and Johnson Litigation Group.

18. General Star issued a formal denial of coverage on November 14, 2024, and sent separate correspondence to Wagner on November 15, 2024, rejecting the limits demand, based on the coverage denial.

19. On April 17, 2025, the Tegtmeiers filed a complaint against Anderson, Johnson, Glisson, and Johnson Litigation Group in the Circuit Court for Hillsborough County, Florida, entitled *Kurt Tegtmeier, et al. v. Scott W. Anderson, et al.*, Case No. 25-CA-003540.

20. In the complaint, the Tegtmeiers assert causes of action for legal malpractice and negligence based on the defendants' alleged mishandling of the Tegtmeiers' prior lawsuit against the Kerns. According to the legal malpractice complaint, the Kerns failed to disclose significant mold infestation and prior flooding, and after moving into the home, the Tegtmeiers began experiencing health problems and discovered the mold, prompting them to retain Johnson Litigation Group to pursue legal action.

21. The Tegtmeiers allege that on September 20, 2019, Anderson and Johnson filed a complaint against the Kerns alleging counts for negligence, breach of contract, fraud, and violation of Florida's Deceptive Unfair Trade Practice Act ("FDUTPA"). The Tegtmeiers assert that, if successful, the fraud claim would have permitted punitive damages and the FDUTPA claim would have permitted recovery of attorney's fees.

22. The Tegtmeiers allegedly suffered damages based on Anderson's negligent legal advice. Specifically, the Tegtmeiers allege that Anderson advised them to not take any steps to remediate the mold at their house and instead move out, resulting in additional and significant living expenses, as well as advised the Tegtmeiers to make a claim to their homeowners insurance carrier, triggering a cancellation of the policy and causing the bank to subject them to forced place insurance coverage at an exorbitant cost.

23. The Tegtmeiers further allege that Anderson moved to set the case against the Kerns for trial and scheduled a Uniform Motion Calendar hearing on October 19, 2022. The Tegtmeiers allege that their case against the Kerns was dismissed due to Anderson's failure to appear at the hearing.

24. The Tegtmeiers assert that although their case was dismissed without prejudice, neither Anderson nor the firm took action to refile the lawsuit against the Kerns prior to the expiration of the statute of limitations. Instead, Anderson and Glisson allegedly assured the Tegtmeiers that their case was proceeding appropriately and that the litigation was continuing, being well-managed, and prosecuted.

25. The court sent a copy of its order dismissing the Tegtmeiers' case on October 19, 2022.

26. The Tegtmeiers allege that even to the extent Anderson did not receive the dismissal order, Anderson failed to monitor the court docket to discover or learn of the dismissal of their claim.

27. The Tegtmeiers claim they did not learn their case had been dismissed until June 2024, at which time the statute of limitations for all counts had expired.

28. The Tegtmeiers allege they have suffered damages, including the loss of their ability to recover against the Kerns, the loss of value of the home they purchased from the Kerns, the additional costs attributable to obtaining a second residence, and the increased costs of forced placed homeowners' insurance.

29. The Tegtmeiers seek compensatory damages, taxable costs, and prejudgment interest.

### The Instant Coverage Dispute

30. Johnson Litigation Group requested coverage under the policy for the pre-suit claim against Johnson Litigation Group and Anderson.

31. Johnson, Glisson, and Johnson Litigation Group requested coverage under the policy for the underlying lawsuit, including a defense and indemnity for any liability that they may incur for the Tegtmeiers' alleged losses.

32. General Star denied coverage for the pre-suit claim as well as the underlying lawsuit, including any obligation to defend Anderson, Johnson,

Glisson, and Johnson Litigation Group or to indemnify them for any liability they may incur.

## Count One
## Declaratory Judgment – No Duty to Defend

33. General Star adopts by reference the allegations pleaded in paragraphs one through thirty-two of its complaint.

34. An actual controversy exists between General Star, on the one hand, and Anderson, Johnson, Glisson, Johnson Litigation Group, and the Tegtmeiers, on the other, concerning whether General Star owes coverage under the policy for the underlying lawsuit, including whether General Star must defend Anderson, Johnson, Glisson, and Johnson Litigation Group.

35. No coverage exists under the policy, and General Star has no duty to defend because, at the time the policy was issued, an insured was aware of facts and circumstances that could reasonably be expected to give rise to a claim.

36. *First*, before the policy period began, Anderson failed to appear for a court hearing he had scheduled, resulting in dismissal of the Tegtmeiers' lawsuit against the Kerns. An email from the clerk's office confirms that the dismissal order was emailed to Anderson at his firm email address that same day.

37. *Second*, even assuming Anderson did not open or read the dismissal order, the underlying lawsuit alleges damages flowing from Anderson's failure to monitor the docket. Thus, Anderson was at least subjectively aware that (a) he

8

missed a scheduled hearing, and (b) had failed to check the docket for nearly a year prior to the policy's inception.

38. *Third*, even though the lawsuit against the Kerns had been dismissed, both prior to and during the policy period, Anderson continued to assure the Tegtmeiers that their case was active and progressing normally. A reasonable attorney in Anderson's position—having missed a hearing, failed to monitor the case, and misrepresented its status—would have reasonably expected a claim.

39. *Fourth*, in addition, by the time the policy incepted, three of the four causes of action against the Kerns (negligence, fraud, and violations of FDUTPA) were already time-barred. While the breach of contract claim was not yet barred, the expiration of the other claims would reasonably have led an attorney in Anderson's position to foresee potential liability.

40. *Fifth*, the Tegtmeiers also allege that Anderson negligently advised them not to remediate the mold in their home and instead to vacate, which caused them to incur significant additional living expenses. Anderson also allegedly recommended submitting a homeowners insurance claim, which resulted in policy cancellation and forced placement of insurance by their lender at substantially higher cost. These allegations further support the conclusion that a reasonable attorney could have foreseen a claim arising from such advice.

41. *Finally*, the complaint alleges that Glisson falsely assured the Tegtmeiers, after the dismissal, that the case was still active and being prosecuted. Glisson's conduct similarly supports a finding that she could have reasonably foreseen a claim.

## Count Two
### Declaratory Judgment – No Duty to Indemnify

42. General Star adopts by reference the allegations pleaded in paragraphs one through forty-one of its complaint.

43. An actual controversy exists between General Star, on the one hand, and Anderson, Johnson, Glisson, Johnson Litigation Group, and the Tegtmeiers, on the other, concerning whether General Star owes coverage under the policy for the underlying lawsuit, including whether General Star must indemnify Anderson, Johnson, Glisson, and Johnson Litigation Group for any liability that they may incur.

44. For the same reasons alleged above in paragraphs thirty-five to forty-three, General Star has no duty to indemnify Anderson, Johnson, Glisson, or Johnson Litigation Group for any liability they may incur in the underlying lawsuit.

## Prayer for Relief

WHEREFORE, General Star respectfully requests that the Court enter a judgment in its favor, declaring that General Star has no duty under the policy to (a) defend Anderson, Johnson, Glisson, or Johnson Litigation Group against the underlying lawsuit or (b) indemnify Anderson, Johnson, Glisson, or Johnson Litigation Group for any liability that they might incur.

Dated: August 6, 2025.   Respectfully submitted,

 /s/ Ashley N. Flynn
Christopher A. Wadley*
Carmelina M. Forzisi*
Ashley N. Flynn
WALKER WILCOX MATOUSEK LLP
One N. Franklin St. Ste. 3200
Chicago, IL 60606
Telephone: (312) 244-6700
Facsimile: (312) 244-6800
Email:  cwadley@walkerwilcox.com
       cforzisi@walkerwilcox.com
       aflynn@walkerwilcox.com

Attorneys for General Star Indemnity Company

*Applications for admission to practice before this Court to be filed.